# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DONTA LEE THOMAS,

    Plaintiff,

v.

JUDGE ANDREW SPIVEY; and CHRIS ROSAR,

    Defendants.

CIVIL ACTION NO.: 5:18-cv-8

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Response to this Court's Show Cause Order issued on February 27, 2019. Docs. 6, 7. For the reasons discussed below, the Court **DIRECTS** the Clerk of Court mail Plaintiff copies of Forms AO 398 and 399 and a copy of Rule 4 of the Federal Rules of Civil Procedure. The Court **ORDERS** Plaintiff to file proof of service with this Court as to Defendant Rosar within 60 days of this Order. The Court also **ORDERS** Plaintiff to continue to double-space all of his future filings with this Court. Finally, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Spivey.

### BACKGROUND

Plaintiff filed this action on February 5, 2018, while in pre-trial detention at the Coffee County Jail in Douglas, Georgia. Doc. 1. Plaintiff seeks damages and equitable relief related to an ongoing state criminal proceeding against him in the Superior Court of Coffee County. Id.; Doc. 4 at 2–4; Doc. 5 at 1–4. Plaintiff is proceeding pro se but has not asked to proceed *in forma pauperis* (as is common of incarcerated litigants who are proceeding pro se). Instead, Plaintiff paid the entire filing fee at the time he submitted his Complaint. Doc. 1-1. On February 27,

2019, this Court ordered Plaintiff to show cause as to why he had not yet perfected service of process on either Defendant. Doc. 6. Plaintiff responded on March 7, 2019. Doc. 7.

Plaintiff's Response indicates he failed to serve Defendants because he misunderstands the procedure required to successfully bring and maintain an action in this Court. Id. Construed liberally, Plaintiff seems to be arguing that, because he paid the filing fee and is proceeding pro se in this case, the Court must order the United States Marshals Service to perfect service automatically, without a request from the pro se plaintiff.[1] As explained below, Plaintiff is mistaken. Plaintiff is obligated to serve his adversaries with process, unless the Court orders otherwise, and the Court has not done so in this case.

## DISCUSSION

**I. Plaintiff's Cause for Delay in Serving Defendants**

Importantly, *in forma pauperis* status is not the same as proceeding pro se. Proceeding pro se simply means the individual is not represented by counsel. A litigant who moves to proceed *in forma papueris* asserts he is indigent and unable to pay the filing fees and court costs associated with the action. 28 U.S.C. § 1915. While it is common for prisoners to proceed pro se and request *in forma pauperis* status, it is not required. "[I]t is possible for a plaintiff to file *in forma pauperis* while represented by counsel." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). It is likewise permissible for a pro se party to pay the entire filing fee upfront, forgoing *in forma pauperis* status, as Plaintiff has done in this case.

---

[1] Plaintiff writes, "If a pro se Plaintiff has paid the filing fee in advance [sic] the [C]ourt orders service of process, the clerk may be directed to send the appropriate number of blank summonses to the plaintiff with instructions to complete and return them to the clerk for signature and seal. Sir at no time ha[s] the Plaintiff received anything from the clerk." Doc. 7 at 2.

Proceeding *in forma pauperis* has two important effects. First, the plaintiff is not required to pay the entire filing fee up front at the time he files the action. 28 U.S.C. § 1915(a)(1). Second, if *in forma pauperis* status is granted, the court will assume the obligation to "issue and serve all process . . . ." § 1915(d); Fed. R. Civ. P 4(c)(3) (requiring courts order service of process when "the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915"); Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) ("When a court grants a litigant leave to proceed IFP, the officers of the court must 'issue and serve all process.'") (quoting 28 U.S.C. § 1915(d)); Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286–87 (11th Cir. 2009). In other words:

> [W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

Rance, 583 F.3d at 1286. But when a plaintiff—pro se or otherwise—does not move to proceed *in forma pauperis*, the Court does not bear the burden of ordering service of process, and the plaintiff remains responsible for service. See § 1915(d); Fed. R. Civ. P. 4(c)(3); Ezzard v. Ajibade, No. CV 314-141, 2015 WL 1880293, at *4 (S.D. Ga. Apr. 24, 2015).

Under Federal Rule of Civil Procedure 4(c)(3), a plaintiff who is not proceeding *in forma pauperis* may, like all plaintiffs, ask the court to order the United States Marshal to serve process. Fed. R. Civ. P. 4(c)(3). It is within the court's discretion whether to grant such requests. Pruitt v. Langer Transp. Corp., No. 3:17-CV-570-WC, 2018 WL 3326847, at *1 (M.D. Ala. Jan. 23, 2018) (explaining "court appointment of a special process server [under Federal Rule of Civil Procedure 4(c)(3)] is discretionary"). If plaintiff does not make the request, or the court does not grant the request, the plaintiff remains responsible for perfecting service of

3

process on the defendants in the action.  Ezzard, 2015 WL 1880293, at *4 (noting that such litigants remain responsible for effectuating service).

Because Plaintiff paid the entire filing fee at the time he initiated this action, he is a pro se prisoner who is not proceeding *in forma pauperis*.  Plaintiff, therefore, "has the responsibility for serving Defendants and may not rely on the Marshals to do so."  Id. at *5.  Though Plaintiff claims he made subsequent filings "in effort to get the Court to grant the Plaintiff [permission to] proceed under" Rule 4(c)(3), at no point did Plaintiff actually make such a request.[2]  Docs. 1, 2, 3, 4, 5.  Plaintiff has failed to take any affirmative steps to perfect service on the Defendants or ask the Court to direct the United States Marshals to serve Defendants.  Nonetheless, it appears that Plaintiff's failure is due to a genuine misunderstanding of the Rules and not improper delay or bad faith.

The Court, therefore, finds good cause exists to extend the time of service.  See Fed. R. Civ. P. 4(m).  Additionally, the Court **DIRECTS** the Clerk of Court to mail Plaintiff blank copies of Forms AO 398 and 399, as well as a copy of Rule 4 of the Federal Rules of Civil Procedure.  The Court further **ORDERS** Plaintiff to perfect service on Defendant Rosar personally or by waiver and submit proof of service to the Court within 60 days of the date of this Order.[3]  If Plaintiff fails to perfect service, his action may be dismissed.  The Court advises Defendant Rosar that he may be liable for the costs of personal service if he fails to waive service without good cause.

---

[2] The Court does not construe Plaintiff's recent Response to this Court's Show Cause, doc. 7, as a request under Rule 4(c)(3), and, even if it were so construed, the request would be denied.  Plaintiff has not shown any basis for proceeding under Rule 4(c)(3).  Additionally, Plaintiff's release from incarceration, doc. 8, cuts against any request under Rule 4(c)(3).

[3] For the reasons below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Andrew Spivey.

4

**II.     Plaintiff's Claims Against Judge Andrew C. Spivey**

Courts may not review *sua sponte* prisoner actions under § 1915(e)(2) when the prisoner pays the entire filing fee and does not move to proceed *in forma pauperis*. Lawson v. Sec'y, Fla. Dep't of Corr., 454 F. App'x 706, 708–09 (11th Cir. 2011). This distinction is often irrelevant, however, because courts must review any prisoner complaint seeking redress from a governmental entity or employee under § 1915A, which sets out the same standard for *sua sponte* dismissal as § 1915(e)(2), regardless of whether the prisoner is proceeding *in forma pauperis*. 28 U.S.C. § 1915A; Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Miller v. Johnstone, No. CV 17-0331, 2017 WL 4211042, at *1 (S.D. Ala. Aug. 24, 2017); Jones v. Corr. Med. Servs., No. 210-CV-640, 2010 WL 3718396, at *1 n.1 (M.D. Ala. Aug. 19, 2010). Under § 1915A(b), the Court must dismiss claims which are frivolous, malicious, which fail to state a claim, or which are brought against a governmental employee who is immune to monetary damages.[4] § 1915A(b).

Plaintiff's claims against Judge Andrew C. Spivey are barred by the doctrine of judicial immunity. "A judge is entitled to absolute judicial immunity from damages for actions taken while acting in her judicial capacity, unless she acted in the 'clear absence of all jurisdiction.'" Higdon v. Tusan, 746 F. App'x 805, 810 (11th Cir. 2018) (quoting Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005)); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in § 1983 actions). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Sibley, 437 F.3d at 1070 (citing Bolin, 225 F.3d at 1239). Moreover, judicial immunity is an absolute immunity which protects "not only from liability, but

---

[4]     The Court finds that Plaintiff alleges an arguable § 1983 claims for false arrest and a Fourth Amendment search and seizure violation against Defendant Rosar. Doc. 1 at 5.

from going to trial at all." Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). There is a two-part test to determine whether a judge is entitled to absolute immunity from money damages under § 1983: (1) whether the judge dealt with the plaintiff in a judicial capacity; and (2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916.

Plaintiff agues Defendant Spivey wrongfully denied him bond and authorized unconstitutional State conduct in the underlying case for which Plaintiff is seemingly still being prosecuted. Doc. 1 at 5; Doc. 5 at 4. In setting Plaintiff's bail, Defendant Spivey clearly acted within his jurisdiction and judicial capacity. Though Plaintiff argues Defendant Spivey authorized, tolerated, or covered up unconstitutional practices, taking his pleadings (and the facts alleged) as a whole, it appears Plaintiff simply alleges that Defendant Spivey ruled in favor of the State on bond issues and other constitutional questions which Plaintiff believes should have resolved in his favor. See Doc. 1; Doc. 2 at 4; Doc. 3 at 6; Doc. 4 at 2–4; Doc. 5 at 2–4; Doc. 5-1. Plaintiff, therefore, fails to make a plausible claim that Defendant Spivey acted in the clear absence of jurisdiction. Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Spivey.

**CONCLUSION**

Based on the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Spivey. I **DIRECT** the Clerk of Court mail Plaintiff copies of Forms AO 398 and 399 and a copy of Rule 4 of the Federal Rules of Civil Procedure. The Court **ORDERS** Plaintiff to file proof of service with this Court as to Defendant Rosar within 60 days of this Order. Finally, the Court **ORDERS** Plaintiff to continue to double-space all of his future filings with this Court, as previously ordered, doc. 6, as this has significantly improved the legibility of his pleadings.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of April, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA