# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| DONTA LEE THOMAS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:18-cv-8 |
| | * | |
| v. | * | |
| | * | |
| JUDGE ANDREW SPIVEY; and CHRIS ROSAR, | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation issued on April 30, 2019. Dkt. No. 9. No party to this case filed any Objections. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, dkt. no. 9, as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims against Defendant Spivey.[1]

In addition to recommending dismissal of all claims against Defendant Spivey, the Magistrate Judge determined Plaintiff's

---

[1] The Court **ORDERS** the Clerk to update the parties to this action to reflect the dismissal of Defendant Spivey.

O 72A
(ev. 8/82)

failure to serve Defendant Rosar occurred "due to a genuine misunderstanding of the Rules" and thus warranted an extension of time to serve that Defendant.[2] Dkt. No. 9, pp. 2-4. The Magistrate Judge ordered Plaintiff to serve Defendant Rosar and to file proof of service with the Court within 60 days of April 30, 2019 (the date of the Order and Report and Recommendation). Id. As of the date of this Order, Plaintiff has not filed proof of service on Defendant Rosar.

Time still remains for Plaintiff to comply with the Magistrate Judge's April 30, 2019 Order by filing proof of service as to Defendant Rosar. Id. at pp. 2-4, 7. Failure to serve Defendant Rosar within the time period set forth in the Magistrate Judge's April 30, 2019 Order and Report and Recommendation will result in the dismissal of Plaintiff's claims against Rosar and, thus, the entirety of this action. Additionally, the Court cautions Plaintiff that he must provide

---

[2] Plaintiff filed this action on November 5, 2018. Doc. 1. Rather than file a motion for leave to proceed in Forma Pauperis, Plaintiff paid the full filing fee at the time he submitted his Complaint. Id. While the Court will effectuate service for litigants proceeding in forma pauperis, this is an exception to the rule. 28 U.S.C. § 1915(a)(1); Fed. R. Civ. P 4(c)(3). Generally, a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m) (requiring defendants be served "within 90 days" of the filing of the complaint).

2

a correct mailing address to the Court.[3]  Failure to do so may result in the dismissal of this case, without prejudice.

**SO ORDERED**, this ___28___ day of ___May___, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] It appears Plaintiff has not provided an updated and correct mailing address to the Court. On April 8, 2019, Plaintiff informed the Court of his release from Coffee County Jail and requested the Court "send any future notices" to his new address. Dkt. No. 8. The Clerk of Court mailed a copy of the Magistrate Judge's April 30, 2019 Order and Report and Recommendation to Plaintiff at the address Plaintiff provided to the Court. On May 10, 2019, however, the post office returned the copies mailed to Plaintiff due to an "insufficient address." Dkt. No. 10; Compare Dkt. No. 8, with Dkt. No. 10, p. 2. The Court has no other means of communicating with Plaintiff.

AO 72A
Rev. 8/82)