# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DONTA LEE THOMAS,

      Plaintiff,

v.

CHRIS ROSAR,

      Defendant.

CIVIL ACTION NO.: 5:18-cv-8

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought this action under 42 U.S.C. § 1983 while confined in pre-trial detention at the Coffee County Jail in Douglas, Georgia, to challenge certain conditions of his confinement. Doc. 1. After a thorough and careful review of the docket, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1] I **DENY as moot** Plaintiff's Motion in Limine and Motion for a Pretrial Hearing, docs. 4, 5.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-cv-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Plaintiff filed this action on February 5, 2018, while confined in pre-trial detention. Doc. 1. Unlike most incarcerated litigants, Plaintiff paid the filing fee instead of filing a motion to proceed *in forma pauperis*.[2] Doc. 1-1. In his Complaint, Plaintiff named as Defendants Judge Andrew Spivey and Detective Chris Rosar. Doc. 1 at 1. However, Plaintiff failed to perfect timely service on Defendant Rosar or Defendant Spivey, and I ordered Plaintiff to show cause for his failure to do so. Doc. 6. On April 30, 2019, I found good cause existed to extend the time for service on Defendant Rosar, but I recommended the Court dismiss Plaintiff's claims against Judge Spivey because the claims were barred by judicial immunity. Doc. 9 at 4–6; Doc. 11. I ordered Plaintiff to perfect service on Defendant Rosar and submit proof to the Court within 60 days of the April 30, 2019 Order and Report and Recommendation. Doc. 9 at 4. Additionally, I warned Plaintiff that failure to do so may result in the dismissal of his action. Id.

The Clerk's Office mailed a copy of the April 30, 2019 Order and Report and Recommendation to Plaintiff at the last address Plaintiff provided to the Court, but the post office returned the mail as undeliverable. Docs. 8, 10. On May 30, 2018, the Court adopted the April 30, 2019 Order and Report and Recommendation, and the copy of the Court's Order mailed to Plaintiff was not returned as undeliverable. Doc. 11. In that Order, the Court cautioned Plaintiff that "[f]ailure to serve Defendant Rosar within the time period set forth in the Magistrate Judge's April 30, 2019 Order and Report and Recommendation will result in the dismissal of Plaintiff's claims against Rosar and, thus, the entirety of this action." Id. at 2. Additionally, the Court warned Plaintiff that failure to provide correct contact information to the Court could, similarly, result in the dismiss of his Complaint. Id. However, Plaintiff failed to

---

[2] Plaintiff was later released. Doc. 8.

provide the Court with any proof of service upon Defendant Rosar and failed to update his address.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directive and Plaintiff's failure to serve Defendant Rosar.

**I.	Dismissal for Failure to Prosecute and Failure to Follow this Court's Order**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).[3] In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[3]	In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. In this case, the Court forewarned Plaintiff that his failure to comply with its Orders may result in the dismissal of his Complaint. Doc. 9 at 4; Doc. 11 at 2.

3

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182 (11th Cir. 2007) (dismissing plaintiff-inmate's complaint when Plaintiff "failed to serve the defendants properly" when the court warned plaintiff failure to effectuate proper service could result in dismissal); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Despite two warnings that his case would be dismissed if Plaintiff did not file proof of service upon Defendant Rosar within the extended time period provided, Plaintiff still failed to do so. Indeed, Plaintiff has not taken any action in this case since filing his notice of change of address on April 8, 2019. Doc. 8. Plaintiff was given ample time to follow the Court's directives, but he has not made any effort to do so or to inform the Court as to why he cannot

4

comply with its directives. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint for failure to follow the Court's Orders.

**II.     Dismissal for Failure to Perfect Service**

Because Plaintiff is not proceeding *in forma pauperis* in this action, he is responsible for serving process on Defendants. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiff filed this action on February 5, 2018. Doc. 1. Rule 4(m) of the Federal Rules of Civil Procedure required Plaintiff to perfect service on Defendants within 90 days after filing his Complaint. Fed. R. Civ. P. 4(m). Approximately one year after filing his Complaint, the Court ordered Plaintiff to show good cause for his failure to do so. Doc. 6. Finding Plaintiff's failure occurred due to a genuine misunderstanding of the Rules, the Court extended the time for service for 60 days. Doc. 9 at 2–4; Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007) (finding courts must consider whether "circumstances warrant an extension of time" for service before dismissing without prejudice). However, Plaintiff failed to file proof of service with the Court within the extended time period granted. Plaintiff provided no reason to the Court for his failure to do so.

"Because service of process is a jurisdictional requirement, the Court lacks personal jurisdiction over a defendant who has not been properly served . . . ." Martin v. U.S. Bank Nat'l Ass'n, No. 3:14-cv-69, 2014 WL 12538167, at *3 (N.D. Ga. Oct. 8, 2014). Upon examination of the record, the Court finds no facts exist which would justify yet another good cause extension of service. See Marcus v. Postmaster Gen., U.S. Postal Serv. Se. Area, 461 F. App'x 820, 822 (11th Cir. 2011) (finding no error in dismissing without prejudice for failure to timely effectuate service after the plaintiff failed to provide proof of service after the Court provided one good

5

cause extension of time). I, therefore, **RECOMMEND** the Court **DISMISS without prejudice** this action for failure to timely serve Defendant Rosar.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Motion in Limine and Motion for a Pretrial Hearing, docs. 4, 5.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of July, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA